**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CASE NO:**

**TRACEY CAUTHEN,**

    **Plaintiff,**

**vs.**

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR TRIAL**

Plaintiff, TRACEY CAUTHEN, sues Defendant, UNITED STATES OF AMERICA, and alleges:

**A. PARTIES**

1. At all times material to this action, Plaintiff, TRACEY CAUTHEN, is an individual who is a citizen of the State of Florida.

2. At all times material to this accident, Defendant, UNITED STATES OF AMERICA (the "UNITED STATES"), maintained an agency known as the United States Postal Service.

**B. JURISDICTION**

3. This is an action for damages in excess of One Million and No/100 Dollars, ($1,000,000.00), exclusive of interest, costs, and attorney's fees, and is brought pursuant to the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code.

4. Venue is proper in this Court because all of the wrongful acts occurred in this judicial district in Ocala, Marion County, Florida.

5. All conditions precedent to the bringing of this action have been performed or have been waived. (See attached notice of tort claim.)

## C. ALLEGED FACTS

6. On June 28, 2020, Plaintiff was the restrained driver of a vehicle traveling home on SW 145th Street in Ocala, Marion County, Florida.

7. At that time and place, Defendant, by and through its employee and/or acting agent, who at all times material hereto, was acting within the course and scope of his or her employment and/or agency with the United States Postal Service, an official agency of the Defendant, UNITED STATES, operated a United States Postal Service motor vehicle traveling on SW 145th Street in Ocala, Marion County, Florida.

8. At that time and place, Defendant's employee and/or agent negligently operated and/or maintained the motor vehicle by failing to yield to Plaintiff's vehicle before attempting to do a U-Turn or other traffic maneuver from a stopped position at mailboxes on the shoulder of the roadway, so that the United States Postal Service motor vehicle collided with Plaintiff's motor vehicle.

9. At the time of the incident, Defendant's employee and/or agent driver, was operating the vehicle negligently.  The Defendant, UNITED STATES, was vicariously liable for the negligence of the driver, who owed a duty to exercise ordinary care and operate the vehicle

reasonably and prudently. Defendant, by and through its employee and/or agent, breached that duty in one or more of the following ways:

a) failing to operate the motor vehicle with due care;

b) failing to yield to a vehicle on the roadway before entering the roadway;

c) failing to maintain a proper lookout;

d) failing to turn the vehicle in an effort to avoid the collision; and/or

e) otherwise failing to drive the motor vehicle reasonably under the circumstances.

### D. DAMAGES

10. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering or incurred the following:

a) Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

b) Permanent injury within a reasonable degree of medical probability other than scarring and disfigurement;

c) Aggravation and/or activation of an existing or latent disease or physical defect;

d) Pain and suffering, disability, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life;

e) Expenses of medical care and treatment in the past and in the future;

f) Loss of wages and/or loss of earning capacity in the past and in the future;

g) Loss of household services in the past and future;

   h)  Property damage to her vehicle and loss of use of the vehicle;

   i)  All of these losses are continuing and/or are permanent.

**WHEREFORE**, Plaintiff, TRACEY CAUTHEN, asks for judgment against Defendant, UNITED STATES OF AMERICA, for:

   a)  actual damages of Six Million One Thousand and No/100 Dollars, ($6,001,000.00);

   b)  costs of suit;

   c)  all other relief the court deems just and proper; and,

   e)  Plaintiff demands a jury trial on all issues so triable.

**RESPECTFULLY** submitted this 29th day of July, 2022.

*/s/ Christopher J. Hinckley*
CHRISTOPHER J. HINCKLEY, ESQ.
FBN 041155
Morgan & Morgan, P.A.
1007 E. Silver Springs Blvd.
Ocala, FL 34470
Telephone: (352) 644-2000
Facsimile: (352) 644-2020
Primary email: CHinckley@forthepeople.com
Secondary email: NLogan@forthepeople.com
                JMoulden@forthepeople.com
Trial Counsel for Plaintiff

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit to Appropriate Federal Agency:**
United States Postal Service
Tort Claim Coordinator
PO Box 39131
Tampa, FL 33630

**2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.**
Tracey Cauthen
11962 CR 101, Ste. 302
The Villages, FL 32162

**3. TYPE OF EMPLOYMENT:** ☐ MILITARY ☑ CIVILIAN
**4. DATE OF BIRTH:** 11/5/1968
**5. MARITAL STATUS:** Single
**6. DATE AND DAY OF ACCIDENT:** 6/28/2020, Sunday
**7. TIME (A.M. OR P.M.):** 6:30 PM

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Ms. Cauthen was the restrained driver of her vehicle traveling home on SW 145th St in Ocala, Marion County, FL. A USPS vehicle was pulled in front of mail boxes. Ms. Cauthen slowed her vehicle to go around the USPS vehicle. Suddenly and without warning the USPS vehicle attempted a U turn in front of Ms. Cauthen's vehicle resulting in the subject collision.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).
Blue 1997 Jeep Wrangler, right passenger side damage, Ms. Cauthen is still in possession of the vehicle.

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

As a direct result of the crash, Ms. Cauthen suffered injuries to her neck, low back, left shoulder and right knee. Specifically, she had a SLAP tear in her shoulder which required surgery, a meniscal tear in her knee that required surgery and herniations in her neck and low back.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| None known at this time | N/A |

**12.** AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| $1,000.00 | $6,000,000.00 | 0 | $6,001,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

**13a. SIGNATURE OF CLAIMANT** (See instructions on reverse side).
Tracey Cauthen

**13b. PHONE NUMBER OF PERSON SIGNING FORM:** 352-362-3248
**14. DATE OF SIGNATURE:** 7/19/20

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**
The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**
Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001).

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☑ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

Allstate Insurance Company, PO Box 2874, Clinton, IA 52733
Policy # 981777465
Claim # 0591065305

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☑ Yes ☐ No   **17. If deductible, state amount.**

I had $10,000 PIP coverage and $2500 Medical Payments coverage and $25,000 UM coverage, non-stacked

N/A

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

The only action taken by my carrier was to pay PIP and Med Pay benefits towards a portion of my medical bills. No claim has been made for UM coverage at this time due to pending claim against USPS.

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☑ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. **Authority:** The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. **Principal Purpose:** The information requested is to be used in evaluating claims.
C. **Routine Use:** See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. **Effect of Failure to Respond:** Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK